An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

COLLETTE SHERBINO,
Appellant,
vs.
ROBIN DIETZ,
Respondent.

No. 64700

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a proper person appeal from a district court order concerning respondent's visitation with the minor child. Eighth Judicial District Court, Clark County; Kenneth E. Pollock, Judge.

In 2005, a California court entered an order pursuant to the parties' agreement that appellant would have sole legal and physical custody of the parties' minor child, with respondent having no visitation. The order stated that respondent did not wish to exercise any visitation rights, but that if he changed his mind in the future, the parties could agree on reasonable visitation times. Appellant subsequently relocated to Nevada with the child and domesticated the California order in Nevada, and the Nevada district court assumed jurisdiction over the matter in 2013. Respondent moved the Nevada district court to establish his visitation rights with the child over appellant's objection. On August 15, 2013, the district court granted respondent's motion and ordered that respondent shall have unsupervised visitation with the child every Saturday and Sunday from 9 a.m. to 5 p.m. Appellant moved for reconsideration, and at a September 20, 2013, hearing on appellant's motion, the district court stayed the unsupervised visitation pending reunification through family mediation. The district court also reopened

14-30641

discovery for a period of 90 days to allow either party to develop information relevant to the visitation. Appellant did not present any additional evidence to the district court within that time period, and the district court entered a written order on January 7, 2014, reflecting its ruling at the hearing. Appellant then filed this proper person appeal from the August 15, 2013, and January 7, 2014, orders.

On appeal, appellant contends that the district court abused its discretion in granting respondent unsupervised visitation without conducting an evidentiary hearing and making factual findings that such visitation was in the child's best interest. Appellant argues that respondent has mental health issues, is a stranger to the child, and elected to have no relationship with the child for the preceding eight years.

Having reviewed the record before this court, we conclude that appellant is not aggrieved by the district court's orders and lacks standing to appeal. NRAP 3A(a) provides that only an aggrieved party may appeal. A party is aggrieved when a personal or property right is adversely affected by the district court's ruling. *See Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 446, 874 P.2d 729, 734 (1994). Ordinarily, a party who agrees to an order is not an aggrieved party with standing to appeal. At the September 20, 2013, hearing, appellant's counsel objected to unsupervised visitation, but requested that reunification between respondent and the child occur gradually through counseling, and requested that discovery be reopened to address appellant's concerns with respondent's potential mental health issues. The district court granted both requests in the August order. Appellant then failed to present any additional evidence through discovery to the district court, and instead

SUPREME COURT
OF
NEVADA

(O) 1947A

filed this appeal.    Because appellant is not aggrieved as to the district court's orders, we lack jurisdiction over this appeal, and we

ORDER this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Kenneth E. Pollock, District Judge
       Collette J. Sherbino
       Robin Dietz
       Eighth District Court Clerk

---

[1]In light of this order, appellant's proper person motions for stay are denied as moot.  Appellant also filed a proper person motion to seal the record.  We note that the record on appeal was already filed in this court under seal, and we deny any further request to seal documents in this matter.  *See generally* SRCR 7 (stating that records sealed in the district court shall be sealed from public access on appeal).  We deny any further relief requested by appellant in her proper person filings.